HORACE F. READ *et al. vs.* PATRICK POWER.

W. held certain realty in naked trust for certain *cestuis,* the only duty remaining for the trustee to perform being to convey the legal title to the *cestuis.* The *cestuis* made an agreement of sale of the realty. In a bill for specific performance brought by the *cestuis* against the purchaser:

*Held,* that the purchaser should not be compelled to accept the title of the *cestuis* unless it was perfected by a conveyance from the trustee at the expense of the *cestuis.*

BILL IN EQUITY for specific performance.

The bill of complaint prayed specific performance of an agreement for the sale and purchase of real estate. It appears from the record that the complainants hold under a deed from the Providence Aqueduct Co. to Zephaniah Wood, which contains the following *habendum :*

" To have and to hold the above bargained premises to him, the said Zephaniah Wood, his heirs and assigns forever, in special trust, however, to and for the following uses and purposes, to wit:

" The said Wood and his successor or successors in this trust shall hold said premises to and for the sole and separate use and benefit of Charlotte M. Read, wife of Horace Read, of said Providence, for and during the full term of her natural life, separate from and independent of any interference or control of her present or of any future husband, he, the said Wood, paying over to her, and her only, all the rents and profits of said premises, or permitting her to occupy the same according to her sole election. In case the said Charlotte M. shall decease during the lifetime of the said Horace Read, the said Wood, his successor or successors in this trust, shall convey said bargained premises to him, the said Horace Read, his heirs and assigns, in fee simple. In case the said Charlotte M. survives the said Horace Read, then the said Wood, or his successor or successors in said trust, shall, on the decease of said Charlotte M., convey said bargained premises to the rightful and lawful heirs of the said Horace Read in fee simple."

Charlotte M. Read survived Horace Read, and is dead. The complainants are the heirs at law of Horace Read. Zephaniah Wood is also dead, and no conveyance of the realty has been made to the heirs of Horace Read.

The respondent admitted the agreement on his part to purchase the realty described in the bill of complaint, but objected to the relief asked for by the complainants, on the ground of their inability to convey to him a good title in the realty.

*January* 5, 1878. POTTER, J. That where an absolute interest is given to the *cestuis que trust*, without any control in the trustee, it is, as a general rule, alienable, is pretty well settled. Perry on Trusts, §§ 386–388 ; 1 Cruise Dig. *407, *343.

In the present case we cannot consider the estate as executed in the *cestui*, because the trustee has still a duty to perform, *i. e.* to convey the estate upon a certain event which, it is agreed, has happened.

Where the *cestui* has occupied for a long time, a court will, in some cases, direct a jury to presume a conveyance from the trustee, if necessary to perfect the legal title ; and where a court would direct a jury to do it, the court may well act themselves upon the same presumption. 1 Cruise Dig. *415.

In the present case we do not think the circumstances would warrant acting upon any such presumption.

A decree may be made for a specific performance of an agreement to convey an equitable estate if it be so expressed in the agreement. Sugden Vend. & Pur. cap. 8, sec. 2, § 2. In the 8th Amer. ed., by Perkins, cap. 5, sec. 3, § 50.

But as in this case the agreement does not specify it to be an equitable estate, the purchaser is entitled, if he chooses, to have the estate perfected by a conveyance from the trustees, at the expense of the vendor, otherwise he ought not to be obliged to accept the title.

*Vincent & Carpenter*, for complainants.
*Joseph E. Spink*, for respondent.

NOTE. — For a commentary on this case see Amer. Law Register, N. S., vol. 17, p. 561. September, 1878.